| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
|---|---|---|
| INDRIG E. DÍAZ CLAUDIO<br><br>Recurrida<br><br>v.<br><br>MUNDO SOLAR, INC.<br><br>Recurrente | KLRA202400172 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Núm. De Querella: PON-2023-0004336<br><br>Sobre:<br>Contrato de Obras y Servicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2024.

-I-

Comparece ante nos Mundo Solar, Inc. (Mundo Solar o recurrente) y solicita que revisemos una *Resolución* emitida el 29 de febrero de 2024 por el Departamento de Asuntos al Consumidor (DACo) en la querella PON-2023-0004336, presentada por la señora Ingrid E. Díaz Claudio (señora Díaz Claudio o recurrida) en su contra.[1] En la referida determinación, el DACo ordenó al recurrente a gestionar el reemplazo de la batería de un sistema de placas solares instalado en la residencia de la señora Díaz Claudio y proceder con el cambio del *Schneider system control* e inversor.

Transcurrido el término reglamentario para que la recurrida compareciera ante este Tribunal sin que así lo hiciera, el recurso quedó perfeccionado sin el beneficio de su posición.

Tras evaluar la totalidad del expediente, confirmamos la determinación recurrida.

---

[1] Apéndice de *Revisión de Resolución Administrativa*, Anejo IV, págs. 5-13. Notificada el 4 de marzo de 2024.

-II-

El 30 de junio de 2020, la señora Díaz Claudio suscribió un contrato con Mundo Solar para instalar un sistema de placas solares, así como unos paneles solares 335 Poli Trina Solar (con 25 años de garantía); un *Schneider* 4048 120/10 (5 años de garantía); un *Schneider Charger Controler* 60/150 (5 años de garantía); un *Schneider System Control Panel*, un *Schneider DC Panel* y una batería *Infinity* 250 amp 25 (7 años de garantía con el fabricante), entre otros.

El 9 de febrero de 2023, la señora Díaz Claudio instó la querella PON-2023-003709 ante el DACo. En esta, arguyó que el sistema de placas solares instalado en su residencia dejó de funcionar en repetidas ocasiones, sin que Mundo Solar respondiera a sus reclamos. Por ello, solicitó el reemplazo del inversor, se proveyera para el debido funcionamiento de las placas solares instaladas y la entrega de las baterías pagadas. Posteriormente, la recurrida solicitó desistir la querella PON-2023-003709, puesto que Mundo Solar cambió el inversor. En atención a lo anterior, el 24 de abril de 2023, el DACo emitió una *Resolución* en la que cerró y archivó la anterior querella.

No obstante, el 11 de julio de 2023, la señora Díaz Claudio presentó la querella que dio inicio al proceso que nos ocupa. Mediante esta, alegó que, a pesar de que el recurrente cambió el inversor (*Schneider System Control*), el problema con el sistema de placas-baterías solares persistía, ya que sólo funcionaban por cuatro (4) horas.

La recurrida manifestó que en respuesta a sus requerimientos el técnico de Mundo Solar, Sr. Jonathan Rosa Febles (técnico Rosa Febles) indicó que bajaría el voltaje para prolongar la duración de la batería. Empero, esgrimió que, pese a dicho cambio, el problema persistía, dado que la batería sólo funcionaba por seis (6) horas.

Subrayó que Mundo Solar se comprometió a revisar el sistema, pero nunca lo efectuó.

La señora Díaz Claudio señaló que el 15 de noviembre de 2023, el técnico Rosa Febles realizó una conexión electrónica al sistema para que el fabricante evaluara la batería. Adujo que el 23 de noviembre de 2023, a indicaciones del recurrente, removió la conexión que se instaló al equipo en controversia, pero que desde dicha fecha desconoce el resultado de la evaluación de la batería.

Tras el inspector de DACo examinar la residencia de la señora Díaz Claudio, el 8 de diciembre de 2023, emitió un informe técnico, mediante el cual refirió el caso a un juez administrativo.

Así las cosas, el 22 de enero de 2024, el DACo cursó una citación para que las partes comparecieran a una vista administrativa pautada para el 9 de febrero de 2024 a las nueve de la mañana (9:00 a.m.).

El 30 de enero de 2024, el recurrente presentó una *Moción asumiendo representación legal y en solicitud de prórroga.*[2] En esta, solicitó que se tomara conocimiento sobre su representación legal y se le notificara a este sobre cualquier escrito, señalamiento o asunto pendiente relacionado con el caso. En atención a lo anterior, el 31 de enero de 2024, el DACo emitió una notificación en la que declaró No Ha Lugar el petitorio de Mundo Solar.[3]

El 8 de febrero de 2024, un día previo a celebrarse la vista administrativa, el representante legal de Mundo Solar presentó una *Moción solicitando transferencia de vista por conflicto de calendario.*[4] En esta, expresó que para la fecha en que el DACo pautó la vista administrativa, tenía señalada una vista en el tribunal de Ponce para las diez de la mañana (10:00 a.m.).

---

[2] *Íd.*, Anejo I, págs. 1-2.
[3] *Íd.*, Anejo V, pág. 14.
[4] *Íd.*, Anejo III, pág. 4.

El 9 de febrero de 2024, el DACo celebró la vista administrativa. En esta, el DACo presumió que Mundo Solar recibió la citación a la vista administrativa y le anotó la rebeldía, puesto que en la citación se le apercibió debidamente sobre los efectos de no comparecer.[5] Además, el foro adjudicativo consignó que denegó la *Moción asumiendo representación legal y en solicitud de prórroga*, puesto que el recurrente inobservó el término establecido en el *Reglamento de Procedimientos Adjudicativos*, Reglamento Núm. 8034, e incluyó una solicitud de prórroga en el mismo documento que asumió representación legal.

Tras evaluar la prueba documental y testifical, el 29 de febrero de 2024, el DACo emitió su *Resolución*.[6] Mediante esta, concluyó que la batería y el inversor instalado en la residencia de la señora Díaz Claudio no funcionaban adecuadamente y que Mundo Solar no brindó un servicio que mantuviera el sistema de placas de la recurrida desempeñándose correctamente. Por ello, ordenó que el recurrente, dentro del término improrrogable de treinta (30) días a partir del archivo en autos de la *Resolución*, gestionara el reemplazo de la batería y cambiara el *Schneider System Control* y el inversor.

Inconforme, Mundo Solar presentó el recurso que nos ocupa y señaló que el DACo incidió en cometer los siguientes errores:

> **PRIMER ERROR:** ERR[Ó] PROCESALMENTE EL DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR AL NO RESOLVER LA MOCI[Ó]N ASUMIENDO REPRESENTACI[Ó]N LEGAL CONFORME A DERECHO.
>
> **SEGUNDO ERROR:** ERR[Ó] PROCESALMENTE EL DEPARTAMENTO DE ASUNTOS AL CONSUMIDOR AL NO NOTIFICAR CONFORME A DERECHO SU RESOLUCI[Ó]N EN CUANTO A LA MOCI[Ó]N ASUMIENDO REPRESENTACI[Ó]N LEGAL PRESENTADA POR LA PARTE QUERELLADA.
>
> **TERCER ERROR:** ERR[Ó] SUSTANTIVAMENTE EL DEPARTAMENTO DE ASUNTOS [AL] CONSUMIDOR AL UTILIZAR COMO FUENTE DE AUTORIDADES EL REGLAMENTO DE PROCEDIMIENTOS ADJUDICATIV[O]S DE DACO AL DETERMINAR COMO UNA DETERMINACI[Ó]N DE HECHO QUE LA MISMA INCUMPLE CON EL T[É]RMINO QUE DICHO REGLAMENTO OTORGA, Y QUE NO PUEDE

---

[5] *Íd.*, Anejo IV, págs. 5-13.
[6] *Íd.*

INCLUIR UNA PR[Ó]RROGA EN LA MISMA MOCI[Ó]N QUE ASUME REPRESENTACI[Ó]N LEGAL CUANDO NO INFORMA SU FUENTE DE AUTORIDADES PARA LLEGAR A DICHA CONCLUSI[Ó]N.

En síntesis, el recurrente planteó que erró el Foro Primario al no resolver conforme a derecho la *Moción asumiendo representación legal y en solicitud de prórroga*, dado que a su entender DACo no adjudicó dicha moción y no brindó razones para ello. Además, solicitó al DACo que le ilustrara sobre el mecanismo de notificación, el término para radicar una moción asumiendo representación legal y su contenido. Esto, debido a que el término *global* de la Regla 7.3 del *Reglamento de Procedimientos Adjudicativos, supra,* R. 7.3, no se refiere a que la moción asumiendo representación legal no se puede presentar en conjunto con una solicitud de prórroga. Por otro lado, señaló que, a pese a que el título de la *Moción asumiendo representación legal y en solicitud de prórroga* alude que se peticionó una prórroga, su contenido se circunscribió al asunto de la representación legal. Mundo Solar planteó que al DACo negarle su representación legal y no permitir que se celebrara una vista adjudicativa conforme a derecho, le violentó su debido proceso de ley procesal y sustantivo. Por ello, nos solicitó revocar la determinación del DACo y devolver el caso para que se celebre una nueva vista administrativa.

En cuanto a la solicitud de transferencia de vista presentada el día antes de la celebración de la misma, aduce que no fue resuelta conforme a derecho ya que solo solo es mencionada por el DACo en su Resolución como parte de sus determinaciones de hecho.

En atención a los errores señalados por el recurrente, pormenorizamos la normativa jurídica pertinente a este recurso.

-III-

-A-

La Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA secs. 9671-9677 (LPAUG), dispone un procedimiento uniforme para la revisión judicial de una adjudicación administrativa. *Gobierno PR v. Torres Rodríguez*, 210 DPR 891, 907 (2022); *Cordero Vargas v. Pérez Pérez*, 198 DPR 848, 857 (2017). Por virtud de la revisión judicial, el Tribunal de Apelaciones puede revisar las decisiones, órdenes y resoluciones finales emitidas por un organismo o una agencia administrativa. Artículo 4.006(c) de la Ley Núm. 201-2003, según enmendada, conocida como la *Ley de la Judicatura*, , 4 LPRA sec. 24y. El objetivo de este recurso es asegurar que el organismo administrativo actuó de conformidad con el poder delegado y la política legislativa. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); D. Fernández Quiñones, <u>*Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme*</u>, 3ra ed., Bogotá, Forum, 2013, pág. 669.

Ahora bien, los tribunales apelativos debemos otorgarles deferencia a las determinaciones de los organismos administrativos, puesto que poseen la experiencia y el conocimiento especializado sobre el asunto que se le delegó. *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Por ello, las determinaciones del organismo administrativo gozan de una presunción de legalidad y corrección que subsiste mientras la parte que impugne la decisión administrativa demuestre que las determinaciones de hechos no están basadas en el expediente o que las conclusiones de derecho son irrazonables. *OEG v. Martínez Giraud*, *supra*, pág. 89.

En tal virtud, la revisión judicial está cimentada en el criterio de razonabilidad de la actuación administrativa. *Hernández Feliciano v. Mun. Quebradillas*, *supra*; pág. 115; *Torres Rivera v. Policía de PR*,

*supra*. A saber, los foros apelativos estamos limitados a evaluar tres (3) aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hechos se sostienen por evidencia sustancial contenida en el expediente administrativo, y (3) si las conclusiones de derecho de la agencia se sostienen. *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra*, págs. 626-627; *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839-840 (2021); *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581, 591 (2020).

Los foros revisores sostendremos las determinaciones de hechos de las decisiones de la agencia, si están basadas en evidencia sustancial que obra en el expediente administrativo. Sec. 4.5 de LPAUG, *supra*, sec. 9675. La evidencia sustancial es aquella que una mente razonable podría aceptar como adecuada para sostener una conclusión. *OEG v. Martínez Giraud, supra*, pág. 90. Por otro lado, las conclusiones de derecho de la agencia serán revisables en todos sus aspectos. Sec. 4.5 de LPAUG, *supra*, sec. 9675. Sin embargo, los foros apelativos debemos otorgarle peso a la interpretación de la agencia sobre aquellas leyes que les corresponde aplicar. *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 615 (2006). Esto, puesto que "las agencias administrativas son instrumentos necesarios para la interpretación de la ley". D. Fernández Quiñones, *op. cit.*, pág. 716. De esta forma, la revisión judicial se circunscribirá a determinar si la interpretación del organismo administrativo fue razonable, a la luz de las pautas establecidas por el legislador. *Hernández, Álvarez v. Centro Unido, supra*, pág. 616. Si la interpretación de la agencia fue razonable, aun cuando no sea la única, los tribunales le otorgaremos deferencia. *Íd.* No obstante, la deferencia a la interpretación de la agencia no significa que los foros judiciales renunciaremos a nuestra función revisora, ya que debemos diferir cuando el organismo administrativo (1) erró al aplicar la ley; (2) actuó de forma arbitraria, irrazonable o ilegal, o (3) lesionó derechos constitucionales

fundamentales. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas, supra*; *Torres Rivera v. Policía de PR, supra*, pág. 628; *Fuertes y otros v. ARPe*, 134 DPR 947, 953 (1993).

Por último, las cuestiones mixtas de hechos y de derecho se considerarán como cuestiones de derecho, por lo que serán revisables en toda su extensión. *Super. Asphalt v. AFI y otro*, 206 DPR 803, 820 (2021); *Rivera v, A&C Development Corp.*, 144 DPR 450, 461 (1997).

-B-

La Carta de Derechos de la Constitución de Puerto Rico dispone que ninguna persona será privada de su libertad o propiedad sin un debido proceso de ley. Const. PR, Art. II, Sec. 7, LPRA, Tomo I. El debido proceso de ley se manifiesta en su vertiente procesal y sustantiva. *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265, 273 (1987).

Al amparo del debido proceso de ley sustantivo, los tribunales estamos llamados a examinar "la validez de una ley, a la luz de los preceptos constitucionales pertinentes, con el propósito de proteger los derechos fundamentales de las personas". *Rivera Rodríguez & Co. v. Stowell Taylor*, 133 DPR 881, 887 (1993). Mientras, en la vertiente procesal, debemos examinar que la privación de los derechos propietarios y liberatorios se haya realizado mediante un proceso justo y equitativo. *Íd.*, pág. 888; *PVH Motor v. ASG*, 209 DPR 122, 130 (2022); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 394 (2018).

Las garantías del debido proceso de ley que el Estado debe salvaguardar se han extendido a los organismos administrativos cuando interfieren con la vida, propiedad o libertad de una persona. *PVH Motor v. ASG, supra*, pág. 131; *Báez Díaz v. ELA*, 179 DPR 605, 623 (2010). Sin embargo, los procedimientos adjudicativos administrativos no tienen la misma rigidez que los judiciales. *PVH Motor v. ASG, supra*; *Álamo Romero v. Adm. de Corrección*, 175 DPR 314, 329 (2009). Por ello, las agencias deben proveer las garantías

mínimas del debido proceso de ley. *Íd.* A saber, la Sección 3.1 de la LPAUG, *supra*, sec. 9641, dispone que en todo procedimiento adjudicativo formal, la agencia salvaguardará el derecho a una notificación oportuna de los cargos, las querellas o los reclamos en contra de una parte; a presentar evidencia; a una adjudicación imparcial, y a que la decisión esté basada en el expediente.

-C-

El DACo es una agencia especializada creada con el propósito principal de vindicar e implementar los derechos del consumidor. Artículo 3 de la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como la *Ley orgánica del Departamento de Asuntos del Consumidor*, 3 LPRA sec. 341b. Para ello, entre sus facultades, el DACo "deberá resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía, y conceder los remedios pertinentes conforme a derecho, a través de la estructura de adjudicación administrativa". *Íd.*, sec. 341i-l. A su vez, el DACo está facultado para establecer las reglas y las normas para la conducción de los procedimientos adjudicativos que se celebren ante la agencia. *Íd.*, sec. 341e.

En tal virtud, se aprobó el *Reglamento de Procedimientos Adjudicativos* del DACo, *supra*, con el propósito de proveer un procedimiento uniforme para asegurar la solución justa, rápida y económica de las querellas presentadas ante la consideración de la agencia. Con respecto a la representación legal de las partes, la Regla 7.3 del *Reglamento de Procedimientos Adjudicativos* del DACo, *supra*, R. 7.3, establece que "[t]odo abogado que asuma representación legal y/o renuncia a la misma está obligado a notificarlo mediante escrito al [DACo] y a todas las partes de la querella, así como todos los escritos radicados. No se aceptarán mociones globales para asumir o renunciar a una representación legal".

Por otro lado, la Regla 21.1 del *Reglamento de Procedimientos Adjudicativos* del DACo, *supra,* R. 21.1, dispone que toda solicitud de transferencia o suspensión de vista deberá presentarse al DACo: (1) inmediatamente se conozca los fundamentos, y (2) con no menos de cinco (5) días laborables de anticipación a la fecha señalada, excepto sea un evento no previsible o que esté fuera del control del solicitante.

A la luz de la normativa jurídica antes expuesta, procedemos a resolver.

-IV-

En el presente caso, Mundo Solar planteó que el TPI cometió tres (3) errores que discutiremos en conjunto por estar estrechamente relacionados. En esencia, nos corresponde determinar si el DACo erró al declarar No Ha Lugar a la *Moción asumiendo representación legal y en solicitud de prórroga* presentada por Mundo Solar. Esto, puesto que el recurrente adujo que al DACo no resolver dicha moción conforme a derecho, se le negó su representación legal y la vista administrativa no se celebró conforme a derecho.

De un sosegado examen de la totalidad de las circunstancias expuestas en el expediente ante nuestra consideración, determinamos que Mundo Solar no tiene razón. Veamos.

De los antecedentes procesales de este caso surgió que, el 22 de enero de 2024, el DACo emitió una notificación de citación para informarle a las partes que la vista administrativa se pautó para el 9 de febrero de 2024 a las nueve de la mañana (9:00 a.m.). Del expediente ante nos surge también que la aludida notificación de citación contenía los debidos apercibimientos a las partes en caso de incomparecencia. Posteriormente, el 30 de enero de 2024, el recurrente presentó una moción a los únicos fines de que se tomara conocimiento contaba con representación legal. En dicho escrito, a pesar de que debido al título de la comparecencia se podría interpretar lo contrario, Mundo Solar no solicitó una prórroga para la

vista administrativa. Al próximo día, el DACo declaró No Ha Lugar a su petitorio. No obstante, un día previo a la fecha pautada para celebrarse la vista administrativa, el abogado del recurrente peticionó transferir la vista por conflicto en el calendario, puesto que no podía cumplir con la vista que tenía señalada para una hora más tarde en el Tribunal de Primera Instancia de Ponce.

Tras un análisis de la totalidad de las circunstancias de este caso, es forzoso concluir que la acción atribuida como error del DACo no fue el elemento que conllevó la celebración de la vista administrativa sin la comparecencia de Mundo Solar y de su abogado. A saber, el recurrente tuvo (8) días posteriores a la denegatoria del DACo para utilizar los mecanismos provistos por el *Reglamento de Procedimientos Adjudicativos*, *supra*, para que la agencia reconsiderara su determinación. A su vez, Mundo Solar tuvo diecisiete (17) días desde la notificación de citación emitida por DACo para oportunamente solicitar la transferencia de la vista administrativa ante el conflicto de calendario de su abogado. Conforme a lo dispuesto en la Regla 21.1 del *Reglamento de Procedimientos Adjudicativos* del DACo, *supra*, R. 21.1, toda solicitud de transferencia o suspensión de vista deberá presentarse al DACo con no menos de cinco (5) días laborables de anticipación a la fecha pautada, salvo sea un evento imprevisible o que esté fuera del control de la persona solicitante. El recurrente no nos presentó un ápice de evidencia que demuestre su cumplimiento con el antes mencionado requisito. Por el contrario, dado que Mundo Solar solicitó la transferencia de la vista administrativa un día antes de su celebración, actuó en crasa contravención con el término dispuesto en la Regla 21.1 del *Reglamento de Procedimientos Adjudicativos* del DACo, *supra*, R. 21.1, más no expuso razón alguna que justificara que se le eximiera de cumplir con el término reglamentario. En este caso, el recurrente tuvo la oportunidad de comparecer a la vista

administrativa junto con su abogado en la fecha pautada o solicitar su transferencia para otro día, pero no lo hizo a su debido tiempo. Así las cosas, y toda vez que el recurrente conocía de la fecha del señalamiento, y no recibió notificación de parte del DACo en el que declarase ha lugar su solicitud de transferencia, debió tomar las providencias para comparecer a la vista según la misma fue pautada por la Agencia.  Lo contrario sería validar que una parte con el solo hecho de presentar una solicitud de transferencia, controle la agenda del ente adjudicativo.

Por todo lo anterior, y conforme al tracto del expediente que acompañó al recurso, concluimos que el DACo no actuó de forma arbitraria, irrazonable o ilegal al celebrar la vista administrativa sin la comparecencia del recurrente ni de su abogado.

-V-

Por los fundamentos que anteceden, confirmamos la determinación recurrida.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones